[Crim. No. 1289. First Appellate District, Division Two.—June 28, 1926.]

In the Matter of the Application of B. ANGELLO for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—FELONY EMBEZZLEMENT—HOLDING TO ANSWER—EVIDENCE—HABEAS CORPUS.—In this proceeding in *habeas corpus* to secure the petitioner's release from custody after being held to answer before the superior court upon a charge of felony embezzlement, there is no merit in petitioner's contention that there was no evidence produced at the preliminary examination warranting the justice in holding him to answer, where there was evidence to the effect that defendant leased certain household furniture of the value of approximately one thousand dollars from a furniture company and that upon acquiring possession thereof he shortly thereafter moved the same without the state.

[2] ID.—COMPLAINT—SUFFICIENCY OF—KNOWLEDGE.—In such proceeding, the complaint filed against defendant in the justice's court directly charged defendant with the commission of the offense and there was sufficient evidence adduced at the preliminary hearing showing knowledge on her part of the offense.

(1) 29 **C. J.**, p. 167, n. 72.   (2) 29 **C. J.**, p. 167, n. 72.

PROCEEDING on Habeas Corpus to secure release from custody after being held to answer on charge of felony embezzlement. Writ discharged.

The facts are stated in the opinion of the court.

Joseph P. Lacey and T. C. West for Petitioner.

Earl Warren, District Attorney, J. F. Coakley and Edward A. Heafey, Deputy District Attorneys, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—*Habeas corpus.* The petition alleges that defendant is unlawfully detained of his liberty by the sheriff of Alameda County. It recites that on about August 15, 1924, a complaint was filed in the justice's court of the city of Oakland, accusing petitioner of the crime of felony embezzlement. That thereafter a preliminary examination was

had upon said charge and accused was held to answer before the superior court. [1] Petitioner here claims that there was no evidence produced at the preliminary examination warranting the justice in holding him to answer, but, on the contrary, that the evidence had upon the hearing entirely failed to show the commission of the crime charged, or any crime. He further claims that the complaint was based upon information and belief and was not issued in accordance with the provisions of sections 811, 812, and 813 of the Penal Code, and that, therefore, said court had no jurisdiction to proceed in the preliminary examination of defendant on the charge. There is no merit in petitioner's first contention. Petitioner has failed to file any points and authorities in support of these contentions as required by the rule of this court. An examination of the record, however, shows that there was evidence to the effect that defendant leased certain household furniture of the value of approximately one thousand dollars from the Gilchrist Furniture Company and that upon acquiring possession thereof he shortly thereafter moved the same without the state. [2] Equally without merit is the claim that the complaint was based upon information and belief. It directly charged defendant with the commission of the offense and there was sufficient evidence adduced at the hearing showing knowledge on her part of the offense.

The writ is discharged and the prisoner remanded.

Knight, J., and Cashin, J., concurred.